# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN CROWTHERS** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | 19-00631 |
| **MOUNTAIN PRODUCTIONS, INC., ET AL.** | |
| Defendants. | |

## MEMORANDUM

**Goldberg, J.**                                                                                              **July 22, 2019**

Plaintiff Brian Crowthers originally filed his Complaint in the Philadelphia County Court of Common Pleas, alleging claims of negligence against Defendants Mountain Productions, Inc. ("Mountain Productions"), Mountain Production Services, Inc. ("Mountain Production Services"), the National Football League (the "NFL"), and ESPN, Inc. ("ESPN"). The NFL removed the case to federal court. Currently pending is Plaintiff's Motion to Remand. For the following reasons, the Motion is granted and this case will be remanded to the Court of Common Pleas for Philadelphia County.

### I. FACTUAL BACKGROUND

According to the Complaint, the NFL held its annual draft in Philadelphia, Pennsylvania, over the weekend of April 27, 2017. ESPN, Inc. broadcasted the draft to television audiences. Mountain Productions and Mountain Production Services were contracted by the NFL and/or ESPN to design and construct a temporary outdoor amphitheater on the steps of the Philadelphia

Museum of Art. This amphitheater was approximately seventy feet high. (Compl. ¶¶ 14, 16, 18, 21.)

Plaintiff is a member of the International Alliance of Theatrical Stage Employees Union, Local 8. On April 22, 2017, Plaintiff was employed by Tri-State Staging, Inc., working as a stagehand to construct the temporary amphitheater on the museum steps. While performing these services, Plaintiff fell approximately thirty feet and crashed into the stage below. Plaintiff alleges he was working at heights without proper fall protection because anchor points had not been installed. Plaintiff claims that Defendants directed and/or allowed construction to continue without fall protection so that the amphitheater would be constructed in advance of the draft's start date of April 27. It is alleged that plaintiff suffered head trauma, a fractured rib cage, a ruptured spleen, lung contusion with hemorrhage, and a fractured wrist. (Compl. ¶¶ 19–20, 23–28, 32.)

Plaintiff filed suit in the Court of Common Pleas in Philadelphia on January 9, 2019, pleading negligence against Defendants NFL, ESPN, Mountain Productions and Mountain Production Services. ESPN was served on January 12, 2019, and the NFL was served on January 14, 2019. Although the Luzerne County Sheriff's Office was initially unable to effect service on Mountain Productions or Mountain Productions Services because they did not have an office at their registered address, both companies were served at a new address by March 2019. The NFL filed a notice of removal on February 13, 2019. Plaintiff then filed this Motion to Remand on February 15, 2019, on the basis that ESPN—the only defendant besides the NFL to have been properly served—had not joined or consented to removal, rendering the NFL's notice of removal procedurally defective under the "rule of unanimity," 28 U.S.C. § 1446(b)(2). Plaintiff also argues that because Mountain Productions and Mountain Production Services are incorporated in

Pennsylvania, the "forum defendant" rule, 28 U.S.C. § 1441(b)(2), precludes federal diversity jurisdiction.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of the plaintiff's service of the complaint upon defendant. 28 U.S.C. § 1446(b). The defendants bear the burden of establishing that removal jurisdiction is proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Because proceeding in a case without valid subject matter jurisdiction would make any decree in the case void, removal statutes are strictly construed and all doubts are resolved in favor of remand. Id.

## III. DISCUSSION

Plaintiff presents two arguments in support of his Motion to Remand: (1) the NFL's removal to federal court was procedurally defective under the "rule of unanimity" because it lacked the requisite consent of Defendant ESPN, and (2) the "forum defendant" rule precludes federal diversity jurisdiction because two of the defendants—Mountain Productions and Mountain

3

Production Services—are incorporated in Pennsylvania. Defendant NFL responds that the rule of unanimity was satisfied because Defendant ESPN (the only other Defendant that had been served at the time) consented to removal via a timely email on February 13, 2019, even though due to an alleged "clerical error immediately before the filing deadline" that email was not shared with the Court until two weeks later. Defendant NFL also posits that Defendants Mountain Productions and Mountain Productions Services were not properly served at the time of removal, meaning that they were not "properly joined and served as defendants" for purposes of the forum-defendant rule.

Because I find that Defendant NFL's notice of removal lacked the requisite consent of Defendant ESPN and was thus procedurally defective under the rule of unanimity, I need not reach the forum-defendant issue.

Pursuant to 28 U.S.C. § 1446, a "defendant or defendants desiring to remove a state civil action . . . shall file in federal district court a notice of removal." 28 U.S.C. §§ 1446(a), (b). Section 1446 has been interpreted to require that all properly-served defendants join or consent to the removal—the so-called "rule of unanimity." Balazik v. Cty. of Dauphin, 44 F.3d 203, 213 (3d Cir. 1995). Failure of all defendants to join or consent to the removal constitutes a defect in the removal procedure, though it is not a jurisdictional defect. Id. The rule of unanimity does not apply in three narrow exceptions: (1) a non-joining defendant is unknown or is a nominal party;

(2) a defendant has been fraudulently joined; or (3) a non-resident defendant had not been served at the time of removal. Id.; see also Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir. 1985).

None of the three exceptions apply to Defendant ESPN: Defendant ESPN is neither unknown nor is it alleged that they are a nominal party; there is no allegation Defendant ESPN has been fraudulently joined; and Defendant ESPN had been served prior to removal.

The crux of Defendant NFL's argument in opposition to Plaintiff's motion for remand is that Defendant ESPN timely communicated its consent to removal via email to Defendant NFL within Defendant NFL's thirty-day window for filing the notice of removal. But the timeliness of Defendant ESPN's email to Defendant NFL is not at issue. Rather, it is whether Defendant ESPN's email constituted proper joinder or consent to the notice of removal. If it did, there is no timeliness issue under the "later-served defendant" rule, which states that when defendants are served at different times, the earlier-served defendant may join the later-served defendant's timely notice of removal, even if the earlier-served defendant's thirty days had expired.[1] 28 U.S.C. §§ 1446(b)(2)(B), (C); see also Di Loreto v. Costigan, 351 Fed. Appx. 747, 752 n.7 (3d Cir. 2009). If it did not constitute proper joinder or consent, the notice of removal was defective.

There is some uncertainty regarding what exactly constitutes sufficient written consent for a defendant to join another defendant's petition of removal. See Baldy v. First Niagara Pavilion, C.C.R.L., LLC, 149 F. Supp. 3d 551, 557 (W.D. Pa. 2015) ("Section 1446 does not speak directly of what form a codefendant's consent must take, and neither the Supreme Court nor the Third Circuit Court of Appeals has addressed what it means for a defendant to 'join' its codefendant's removal notice.") (internal quotations and citations omitted). Indeed, Circuit Courts of Appeal

---

[1] A defendant has thirty days from receipt of service to file a notice of removal. 28 U.S.C. § 1446(b). Here, Defendant NFL was served with original process on January 14, 2019, and filed its notice of removal on February 13, 2019. Defendant ESPN was served on January 12, 2019.

5

have split on this issue. The Fourth, Sixth, Eighth, and Ninth Circuits have held that a statement in one defendant's timely notice that its codefendant or codefendants have consented to removal is sufficient. See, e.g., Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187–88 (8th Cir. 2015) ("The potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will . . . . And although there may be instances in which these safeguards alone are not sufficient, as long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated."); Mayo v. Board of Educ. of Prince George's Cty, 713 F.3d 735, 742 (4th Cir. 2013) ("[W]e can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal."); Proctor v. Vishnay Intertech., Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (same); Harpler v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201–02 (6th Cir. 2004) (same).

The Second, Fifth, and Seventh Circuits, on the other hand, have held that a defendant may not verify consent to removal on another codefendant's behalf. See, e.g., Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal [within the thirty-day removal period]."); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) (same), abrogated on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (holding that to properly establish consent to removal, a

defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court).

Although the Third Circuit has yet to directly address the issue, several district courts within the Third Circuit have followed the guidance of the Second, Fifth, and Seventh Circuits. See, e.g., Dietz v. Avco Corp., 168 F. Supp. 3d 747, 757 (E.D. Pa. 2016) (holding that failure of defendants to submit written consent to removal within the thirty-day deadline precludes satisfaction of the rule of unanimity and is a procedural defect requiring removal); A.R. v. Norris, No. 15-1780, 2015 WL 6951872, at *4 (M.D. Pa. Nov. 10, 2015) (holding that subsequent written notice of the other defendants' consent was insufficient because all defendants must "join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint . . . [and] [a]ny subsequent written notice of consent filed outside [the] prescribed thirty day period is defective"); Anamdi v. Kean Univ., No. 15-2887, 2015 WL 5138648, at *5 (D.N.J. Aug 31, 2015) (holding that each defendant must provide "some form of unambiguous written evidence of consent to the court in a timely fashion"); Estate of Shakeena v. N.J., No. 12-505, 2012 WL 1900924 (D.N.J. May 24, 2012) ("[N]on-signing defendants must do more than merely advise the removing defendant of their consent. . . . Defendants must communicate their consent directly to the Court."); Zhao v. Skinner Engine Co., No. 11-2536, 2011 WL 2875524, at *2 (E.D. Pa. Sept. 2, 2011) (holding that "each defendant must either sign the notice of removal or submit to the court a timely written notice of consent to removal" and "[i]t

is not sufficient for the removing defendant to assert in its notice of removal that the other defendants consent to removal"").

I agree with these decisions, and I am persuaded by the reasoning of the Second, Fifth, and Seventh Circuits. The Third Circuit has instructed that "the removal statute should be strictly construed and all doubts resolved in favor of remand." Abels, 770 F.2d at 29. Requiring that all defendants independently express to the court their consent to removal in a timely manner is consistent with the Third Circuit's views and is an appropriately narrow construction of the removal statute. Here, I find that Defendant ESPN's consent was not independently conveyed in a timely manner for three reasons.

First, there is no indication anywhere in Defendant NFL's notice of removal that Defendant ESPN consented to or joined the petition. The only time Defendant ESPN is even mentioned in the removal notice is in the "Certificate of Service," where Defendant NFL communicated that Defendant ESPN had been provided with a copy of the notice. But providing notice is not consent. And it is clear from the face of the removal notice that Defendant ESPN, even though properly served, had neither joined nor consented to removal.

Second, the email correspondence that purportedly communicated Defendant ESPN's consent, which was shared with the Court on February 27, 2019, was untimely. Even though the email was time-stamped February 13, 2019, this purported "written consent" was not provided to the Court until NFL filed its response to the Motion to Remand—two weeks after Defendants' thirty-day removal window. Defendant NFL explains that the consent was not initially shared with the Court due to a "clerical error immediately before the filing deadline," though the details behind the error are unspecified. (ECF No. 4, at 9.) Defendants do not cite to any case that has excused such a "clerical error." Strictly construing the removal statute, as I must, I cannot ignore

8

the fact that by the time Defendants' thirty-day window closed, there was no indication that Defendant ESPN had indeed consented to removal.

Third, even if this email was included with Defendant NFL's original notice of removal—or if it had been provided to the Court in an otherwise timely manner—it is still doubtful whether that attachment alone would have been sufficient to convey Defendant ESPN's consent. "Most courts" require all defendants to independently "voice their consent directly to the court." Michaels v. N.J., 955 F. Supp. 315, 320 (D.N.J. 1996) (citing cases). Courts have found that oral consents and email exchanges among counsel "do not constitute sufficient consent." McGuire v. Safeware, Inc., No. 13-3746, 2013 WL 5272767 (E.D. Pa. Sept. 17, 2013) (citing Michaels, 955 F. Supp. at 320; Grigsby v. Kansas City S. Ry. Co., No. 12-0776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012)). Courts have also held that a defendant's mere entry of appearance does not manifest consent, Leuzzi v. Dollar Tree Stores, Inc., No. 05-4814, 2005 WL 2972982, at *1 (E.D. Pa. Nov. 4, 2005), nor does a non-joining defendant's filing of a responsive pleading or motion to dismiss, Ramos v. Quien, 631 F. Supp. 2d 601, 607 n.2 (E.D. Pa. 2008). Under the persuasive reasoning of these courts, the email exchange would likely be insufficient to constitute independent consent even if it had been timely filed.

In short, because Defendant ESPN failed to timely join or consent to the notice of removal filed by Defendant NFL, I find that the notice of removal was procedurally defective pursuant to the rule of unanimity. The February 13, 2019 email exchange attached to Defendant NFL's reply brief does not cure this defect. Accordingly, I will grant Plaintiff's motion and remand the case to state court. An appropriate Order follows.